SAMUEL KOPINSKY, Respondent, v. GREEN POINT SAVINGS BANK, Appellant, et al., Defendants, et al., Third-Party Defendants.—

No opinion. Christ, P. J., Rabin, Hopkins and Munder, JJ., concur; Martuscello, J., dissents and votes to reverse the order and to grant appellant's motion for summary judgment, with the following memorandum: Plaintiff's unverified complaint alleged that appellant and the other two defendants, all banks, failed to exercise due care in the maintenance of plaintiff's funds, that plaintiff had $8,238.66 on deposit in the Green Point Savings Bank and $8,767.74 in the Williamsburgh Savings Bank and that the accounts were in plaintiff's name in trust for his mother. The complaint alleged further that without plaintiff's knowledge or consent Green Point and Williamsburgh permitted plaintiff's wife to close the accounts and transfer the moneys to a joint account in the name of plaintiff and his wife in the Jamaica Savings Bank and that Jamaica opened this joint account and credited it with the sums thus transferred, without plaintiff's authorization. Subsequently, plaintiff's wife, upon her own initiative, withdrew the entire amount on deposit in the joint account and placed the funds under her exclusive control. It was plaintiff's contention that defendants were under a duty to inquire if he had consented to the various transactions, for the principal reason that defendants were not dealing directly with him. Plaintiff asserted that had defendants made inquiry they would have discovered that he was mentally incompetent at the time the transactions took place. Appellant and Green Point made sep-

arate motions for summary judgment dismissing the complaint. Appellant's motion was denied by the order here under review and Green Point's motion was denied by the order involved in a separate appeal which is being decided herewith (35 A D 2d 977). The banks' affidavits in support of their motions urged that plaintiff's alleged causes of action were without merit. Green Point's affidavit stated that plaintiff's account was closed in reliance upon an instrument signed by plaintiff directing that bank to pay the balance with it to Jamaica. The signature compared favorably with that of plaintiff's as kept in Green Point's records. Jamaica's affidavit stated that the joint account was opened in the name of plaintiff and his wife on a signed authorization by plaintiff. According to the agreement governing joint accounts, deposits and withdrawals may be made upon the authorization of either of the joint tenants. Plaintiff did not submit an opposing affidavit. The only affidavits submitted in opposition to the motions were those of plaintiff's attorney. The attorney, however, lacked first-hand knowledge of the facts surrounding the transactions in question. In essence, his affidavits restated the allegations of the complaint concerning the alleged breach of duty on the part of the banks by their failure to make inquiries and ascertain that plaintiff was mentally incompetent. The affidavits made no claim that either the withdrawal transactions or the opening of the joint account were predicated upon forgeries of plaintiff's signature. The unverified complaint did allege that the signatures on the instruments closing plaintiff's accounts were forgeries. However, the allegations contained in pleadings are not acceptable as the evidential proof required to defeat a summary judgment application (*Shapiro* v. *Health Ins. Plan of Greater N. Y.*, 7 N Y 2d 56; *Indig* v. *Finkelstein*, 29 A D 2d 851). Thus, there is no issue of forgery on the present motions for summary judgment. The banks conducted the transactions on plaintiff's signed authorizations. The banks owed plaintiff a reasonable degree of care in the supervision of his accounts (*Liffiton* v. *National Sav. Bank of City of Albany*, 267 App. Div. 32). In my opinion, under the circumstances of the transactions, defendants exercised the requisite degree of care, as a matter of law, when they acted upon directives signed by plaintiff. Accordingly, the motions for summary judgment should have been granted.